IN THE SUPREME COURT OF THE STATE OF DELAWARE

KENNETH R. TALLEY and     §
JANICE TALLEY,     §
    § No. 175, 2024
    Plaintiffs Below,     §
    Appellants,     § Court Below—Court of Chancery
    § of the State of Delaware
    v.     §
    § C.A. No. 2021-0011
DARREN HORN and JUDITH     §
TALLEY HORN,     §
    §
    Defendants Below,     §
    Appellees.     §

Submitted: May 9, 2024
Decided: May 16, 2024

Before **TRAYNOR**, **LEGROW**, and **GRIFFITHS**, Justices.

## ORDER

After consideration of the notice to show cause and the response, it appears to the Court that:

(1) On April 24, 2024, a Court of Chancery Magistrate issued a final report under Court of Chancery Rule 144 granting the appellees' motion seeking cancellation of a *lis pendens* filed by the appellants (the "Talleys") and enjoining the Talleys from refiling a *lis pendens*. The final report also concluded that attorneys' fees should be shifted to the Talleys and directed the appellees' counsel to file an affidavit setting forth the fees that the appellees incurred in connection with the motion to cancel the *lis pendens*. In the final report, which was issued orally on the

record, the Magistrate stated that exceptions to the report could be filed within eleven days, as provided in Court of Chancery Rule 144(d)(1). The Talleys have filed exceptions, and briefing on those exceptions is proceeding before a Vice Chancellor.

(2) On April 29, 2024, the Talleys filed a notice of appeal from the Magistrate's final report in this Court. The Clerk's Office issued a notice directing the Talleys to show cause why this appeal should not be dismissed for lack of jurisdiction because the Magistrate's April 24, 2024 final report is not final under Court of Chancery Rule 144(c) and the request for attorneys' fees has not been finally resolved.

(3) The Talleys devote the bulk of their response to the notice to show cause to arguing the merits of their appeal. To the extent that they address the jurisdictional defect, they assert that repeated errors by the Court of Chancery "forced" them to file an appeal, and they contend that exceptions to the Magistrate's report are not necessary under Court of Chancery Rule 46.

(4) In the absence of a stipulation by the parties to submit their dispute to a Magistrate for final decision under 10 *Del. C.* § 350 or an order by the Court of Chancery adopting the Magistrate's final report under Court of Chancery Rule 144(c), this Court lacks jurisdiction to hear an appeal from a Magistrate's order.[1] The parties did not stipulate to submit their dispute to a Magistrate for a final

---

[1] *E.g.*, *Theerachanon v. FIA Cards Servs.*, 2024 WL 2073629, at *1 (Del. May 8, 2024).

decision.[2] Nor has the Court of Chancery entered an order adopting the Magistrate's final report. Moreover, the Talleys' argument that exceptions are unnecessary under Court of Chancery Rule 46 is misplaced. Rule 46 relates to objections at trial; Rule 144 governs exceptions to a Magistrate's report. In any event, the proceedings in the Court of Chancery are not final because exceptions are pending before a Vice Chancellor and the Court of Chancery has not determined the amount of attorneys' fees for which the Talleys will be responsible.[3] Accordingly, this appeal must be dismissed.

NOW, THEREFORE, this appeal is DISMISSED under Supreme Court Rule 29(b). IT IS SO ORDERED.

BY THE COURT:

*/s/ Abigail M. LeGrow*
Justice

---

[2] The Talleys' attempt to stipulate to final adjudication by the Magistrate in their response to the notice to show cause is unavailing because an after-the-fact, one-sided "stipulation" by self-represented parties, without approval of the Court of Chancery, does not comply with Court of Chancery Rule 144(h) or 10 *Del. C.* § 350.

[3] *See Wollner v. PearPop, Inc.*, 2022 WL 2903103, at *1 (Del. July 21, 2022) (dismissing appeal where the amount of a fee award remained unresolved).